# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JOHN H. WHITE,

                      Plaintiff,

    v.                                                    9:15-CV-1489 (BKS/ATB)

JOHN TATRO,

                      Defendant.

JOHN H. WHITE, Plaintiff pro se
COLLEEN D. GALLIGAN, Asst. Attorney General for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report-Recommendation by the Honorable Brenda K. Sannes, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that his due process rights were violated as the result of a disciplinary hearing held against him. (Complaint ("Compl.") (Dkt. No. 1). Plaintiff seeks substantial monetary as well as declaratory and injunctive relief. (Compl. ¶ 49-53).

Presently before the court is the defendants' motion to conditionally revoke plaintiff's in forma pauperis ("IFP") status based upon 42 U.S.C. § 1915(g). (Dkt. No. 19). Even though the court granted plaintiff three extensions of time (Dkt. Nos. 21, 28, 30), plaintiff has failed to respond to this motion. Instead, he filed what this court has interpreted as a motion for injunctive relief, requesting that the court issue specific orders regarding plaintiff's access to legal supplies, including postage, pens, and

manilla envelopes. (Dkt. No. 35). Defendant has filed a response in opposition to plaintiff's motion, and on November 23, 2015, plaintiff filed a copy of Dkt. No. 35. (Dkt. Nos. 36, 37). For the following reasons, this court agrees with defendant, and will recommend that plaintiff's IFP status be revoked and that plaintiff be ordered to pay the filing fee if he wishes the case to proceed. The court will also recommend denying plaintiff's motion for injunctive relief.

I. **"Three Strikes" Provision of the PLRA**

    A.    **Legal Standards**

The "three strikes" section of the PLRA prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). The purpose of section 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing prisoners to go through the same thought process non-inmates go through before filing a suit, *i.e.* is filing this suit worth the costs?" *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (citations omitted).

Section 1915(g) provides that:

> [i]n no event shall a prisoner bring **a civil action or appeal a judgment in a civil action or proceeding** [IFP] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought **an action or appeal** in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(Emphasis added). An action may be dismissed pursuant to section 1915(g), even if the court originally granted plaintiff IFP status. *See, e.g., Gamble v. Maynard*,

2

9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) (conditionally dismissing complaint under section 1915(g) and finding that IFP status was improvidently granted); *Luevano v. Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3 (N.D.N.Y. July 1, 2010).

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action IFP[1] unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

Congress enacted the "imminent danger" exception to create a safety valve to prevent *impending* harms to prisoners who would otherwise be barred from proceeding IFP. *See Id.* at 563. The danger must be present when the plaintiff files his complaint. *Id*. Allegations of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" may qualify for the imminent danger exception. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). (internal quotations omitted). However, "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citations omitted).

**B.     Application**

Defendant argues that plaintiff accumulated three strikes prior to filing this complaint, and his IFP status should be revoked. This action was "officially" filed on

---

[1] A plaintiff who is subject to the three-strikes rule is not barred from filing the action, but he must pay the filing fee before the case can proceed.

3

December 16, 2015. (Dkt. No. 1). However, for purposes of this motion, the court will utilize the "mailbox rule,"[2] and will consider that this action was filed when plaintiff signed his complaint on November 16, 2015. (Compl. at p.11). Defendant has submitted a declaration, with three exhibits attached, consisting of three judgments against plaintiff in three different cases. (Dkt. No. 19-1) (Exhibits A-C). In order to warrant dismissal under section 1915(g), all three strikes must have been obtained prior to November 16, 2015.

Exhibit A is a judgment in *White v. Brettschneider*, No. CV-10-4957 (E.D.N.Y. Dec. 28, 2010). On December 28, 2010, the Honorable Sandra J. Feuerstein dismissed plaintiff's complaint sua sponte "with prejudice," directing the Clerk of the Court to close the case and certifying that "pursuant to 28 U.S.C. § 1915(a)(3) any appeal from [the] order would not be taken in good faith and therefore denying *in forma pauperis* status for the purpose of an appeal . . . ." (Dkt. No. 19-1, Exh. A). This was clearly a strike.

Exhibit B is the judgment in *White v. Dishaw*, 9:14-CV-1252 (N.D.N.Y. Apr. 27, 2015). The judgment specifically states that the case is being dismissed for failure to state a claim upon which relief may be granted, "without leave to replead." The Clerk was directed to close the case. (Dkt. No. 19-1 at 5, Exh. B). Plaintiff made a motion to reconsider and requested additional time to appeal. (Dkt. Nos. 20, 23 in 14-CV-1252).

---

[2] Under the prison-mailbox rule, the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). In this case, the court cannot tell when plaintiff actually delivered the complaint to prison officials for mailing. Thus, the court will assume that plaintiff gave the complaint to the prison officials on the same day that he signed his papers. This gives the plaintiff every benefit of the doubt.

4

The court granted plaintiff an extension of time to appeal, but denied plaintiff's "motion to vacate" or reconsider on September 29, 2015. (Dkt. No. 27 in 14-CV-1252). Although plaintiff continued to submit documents and letters in 14-CV-1252, it does not change the fact that the judgment of dismissal for failure to state a claim was issued on April 27, 2015, and at the latest, his motion to vacate that judgment was denied on September 29, 2015. (Dkt. No. 24).

Exhibit C is a judgment in *White v. Uhler*, No. 9:14-CV-1547 (N.D.N.Y. Nov. 9, 2015). The action was dismissed without prejudice for failure to state a claim upon which relief could be granted and based on plaintiff's failure to file an amended complaint in accordance with the district court's initial order. (Dkt. Nos. 7, 23 in 14-CV-1547). Plaintiff attempted to file an amended complaint after the court's dismissal order, but the "amended complaint" was stricken. (Dkt. No. 24). A subsequent motion to "vacate" was denied. (Dkt. Nos. 26, 27). This was plaintiff's third strike.

On December 14, 2015, plaintiff requested submitted a "proposed amended" complaint in 14-CV-1547 and requested that, if the court would not reopen 14-CV-1547, that the court use the "amended complaint" to file a "new" action. (Dkt. No. 28). The court granted plaintiff's motion, and this action was filed. (*See* Dkt. No. 29 in 9:14-CV-1547).

If Dkt. No. 24 had actually been an "amended complaint" for the original complaint in 14-CV-1547, this court might have found that the dismissal in *White v. Uhler* was not the plaintiff's third strike. However, the court notes that the first "amended complaint" that plaintiff attempted to file on November 16, 2015 (Dkt. No.

5

24 in 14-CV-1547)[3] bears no resemblance to the original complaint (Dkt. No. 1) that he filed in 14-CV-1547 and bears no resemblance to the complaint that he later submitted as Dkt. No. 26 in 14-CV-1547. The complaints all sue different defendants, regarding different incidents, which occurred in different years.[4] Plaintiff was clearly attempting to abuse the court's leniency toward pro se litigants by filing proposed amended complaints that were completely unrelated to the original complaint that was dismissed for failure to state a claim.

Thus, the court finds that, notwithstanding the later submissions, including the alleged "amended complaint" that ultimately resulted in opening this action, plaintiff's third strike was obtained in *White v. Uhler*, 9:14-CV-1547, on November 9, 2015, when plaintiff failed to file an amended complaint relative to that action, and the court dismissed the action for failure to state a claim. This complaint, signed on November 16, 2015 was filed in 14-CV-1547, but was actually a new, unrelated complaint that plaintiff was attempting to file in an action that had already been dismissed for failure

---

[3] This is the amended complaint that was "stricken" by the court. (Dkt. No. 24 in 14-CV-1547).

[4] The original complaint in 9:14-CV-1547, attempted to raise claims against defendants named Ayers, Gravlin, and Uhler with respect to denial of protected custody, double celling, or conditions of confinement in December of 2014. (*See* Dkt. No. 7 in 14-CV-1547 - Initial Order dismissing action). Judge Khan noted in his order that plaintiff was also attempting to raise claims from other pending actions from 2012. (Dkt. No. 7 at 6). When plaintiff finally filed what he called his amended complaint, he attempted to raise claims against a defendant named Charles Laravia, who made "comments" to plaintiff on June 12, 2015. Plaintiff also mentioned an Officer Brand and Officer Premo, who apparently did something to plaintiff on June 13, 2013 (Dkt. No. 24 ¶¶ 22-31). Plaintiff also mentions Officers Soucia, Danussi, Sgt. Bunn, Officer Williamson, Officer Marshall, Officer Comstock, and Fairchild. (*Id.* at ¶¶ 32-83). These officers were apparently involved in some use of force against plaintiff. (*Id.*) The stricken complaint continues for many more pages, but it is clear that this "amended complaint" bore no resemblance, and was not an "amendment of the original complaint." Finally, after Dkt. No. 24 was stricken, plaintiff submitted Dkt. No. 26, which was a copy of the complaint which was ultimately filed as this action. However, Dkt. No. 26 is an action against one defendant (Tatro), claiming due process violations resulting from a misbehavior report dated December 21, 2012. (Dkt. No. 26-1 in 14-CV-1547 and Dkt. No. 1 in 15-CV-1489).

to state a claim.

Before recommending revocation of plaintiff's IFP, the court must consider whether plaintiff was in "imminent danger" when he filed this action. This action names a hearing officer for due process violations, allegedly committed in 2012. Clearly, plaintiff was not in imminent danger when he signed his complaint in 2015, or any other time as the result of the claims made in this complaint.

## II. <u>Injuntive Relief</u>

Plaintiff has been complaining bitterly about the lack of legal supplies and the lack of access to legal materials. He has requested multiple injunctions against individuals who are not parties to his actions. His latest "motion" for injunctive relief requests that the court issue an order addressed specifically to named prison officials who are not defendants, stating when "special supplies are to end;" affording plaintiff access to a copy machine "as needed;" "stating case active & open;"[5] stating the "frequency of renewed pens;" "stating the amount of indigent legal mail forms . . .;" "stating the amount of manilla envelopes;" "stating whether I am to send out mail civil attorney - in an effort to acquire counsel on my own for the case;" and "an order by the court stating the end of utilizing Form # 2708 for the case." (Dkt. No. 35, 37).

Defense counsel has responded in opposition to the motion, arguing that the individuals who plaintiff seeks to "enjoin" or to "order" are not parties to this action, and therefore, may not be subject to this court's orders. (Dkt. No. 36). Defense counsel also argues that the relief requested is "highly speculative" and notes that plaintiff has

---

[5] It is unclear what plaintiff means by this statement. He may be asking the court to explain to these individuals that this case is "active & open."

7

been able to file multiple documents in multiple cases. (*Id.*)

This is not the first time that plaintiff has requested similar relief in this, or other cases. On June 17, 2016, Judge Sannes denied a motion for almost identical injunctive relief in this case. (Dkt. No. 24). Judge Sannes engaged in a detailed analysis of the constitutional issues that could possibly have been raised by plaintiff's allegations. Judge Sannes began her analysis by stating that "[t]o the extent that plaintiff seeks injunctive relief against Jacqueline Hughes, who is not a defendant in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here." (Dkt. No. 24 at 4) (citing Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

The same is true in plaintiff's current motion. He has asked for speculative relief against individuals who are not defendants in this action; and thus, plaintiff's motion must be denied for the same reasons as stated by Judge Sannes in June of 2016. In addition, on September 26, 2016, plaintiff filed a letter regarding the issue of his cases being "active and open." (Dkt. No. 31). On September 30, 2016, I did an order denying plaintiff's request, and indicated that, if plaintiff was having trouble getting supplies, he should file an appropriate grievance. (Dkt. No. 32). Filing another letter as a motion for injunctive relief is not going to change this court's finding. Thus, to the extent that plaintiff's letter can be interpreted as a motion for injunctive relief it may be denied.

8

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to revoke plaintiff's IFP status (Dkt. No. 19) be **GRANTED**, and that plaintiff's case be **DISMISSED** unless he pays the entire filing fee of **$350.00** within thirty (30) days of the order approving this recommendation, and it is

**RECOMMENDED**, that plaintiff's motion for "injunctive" relief (Dkt. Nos. 35, 37) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 28, 2016

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge